**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| KELLEY RIVERA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  v.<br><br>COLLECTO, INC. d/b/a EOS CCA,<br><br>        Defendant. | Case No.: 17-cv-993<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kelley Rivera is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Collecto, Inc. ("EOS") is a foreign corporation with its principal place of business located at 700 Longwater Dr. Norwell, MA 02061. It does business under the fictitious or trade name "EOS CCA."

6.      EOS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**FACTS**

7.      On or about August 24, 2016, EOS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to EOS and originally owed to "T-MOBILE USA" ("T-Mobile"). A copy of this letter is attached to this complaint as Exhibit A.

8.      The alleged debt identified in Exhibit A is an alleged cell phone services account, owed to T-Mobile, and used only for personal, family or household purposes.

9.      Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10.     Upon information and belief, Exhibit A is a form debt collection letter used by EOS to attempt to collect alleged debts.

11.     Exhibit A states the following:

| PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|
| $1,331.21 | $0.00 | $0.00 | $1,331.21 |
| | | TOTAL DUE: | $1,331.21 |

12.     Although the amounts of "Fees" and "Coll. Costs" in Exhibit A are $0.00, the unsophisticated consumer interprets such references in collection letters letter as implying that there could be some unknown charges, including collection costs or fees, added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

2

13. EOS's tactic of threatening to add unawarded fees or costs to the alleged debt is a material violation of the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

14. There is no explanation in the letter as to what the "Fees" or "Coll. Costs" are.

15. The unsophisticated consumer would be confused by the nebulous references in EOS's letter to "Fees" and "Coll. Costs" and would have no idea what those charges potentially could be, or whether they would be legitimate.

16. The only purpose of the "Fees" or "Coll. Costs" lines in <u>Exhibit A</u> is to threaten the consumer that additional fees may be added to the debt if the consumer does not pay right away. It is about harassment. It is an attempt to receive payment from a debtor, perhaps at the expense of payment to another debt collector that is not using such false and deceptive tactics. Such conduct is an unfair and/or unconscionable method of collecting an alleged debt. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1112 (7th Cir. 2008) (collection fee on cellular telephone accounts was neither authorized by agreement of the parties nor permitted by law).

17. Prevention of unscrupulous debt collection practices such as this one is part of the very purpose of the FDCPA. 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

18. Plaintiff was confused by <u>Exhibit A</u>.

19. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

3

20. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A and B</u>.

21. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

4

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

22. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

23. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt.

25. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. The references in EOS's letter to "Fees" and "Coll. Costs" are false, misleading and confusing.

28. The unsophisticated consumer would be confused by the nebulous references in EOS's letter to "Fees" and "Coll. Costs" and would have no idea what those charges are, potentially could be, or whether they would be legitimate.

5

29. EOS violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f and 1692f(1).

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between July 18, 2016 and July 18, 2017, inclusive, (e) that was not returned by the postal service.

31. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

32. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

33. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

36. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 18, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com